## In the Matter of the Honorable Lorenzo ARREDONDO.

### No. 45S00–8801–JD–114.

Supreme Court of Indiana.

May 6, 1988.

Bruce A. Kotzan, Sheldon A. Breskow, Indiana Commission on Judicial Qualifications, Indianapolis, for Commission.

Harold Abrahamson, Kenneth D. Reed, Hammond, for respondent.

## ON MOTION TO DISMISS

PER CURIAM.

On January 15, 1988, the Indiana Commission on Judicial Qualifications initiated formal proceedings to inquire into charges of misconduct against Lake Circuit Court Judge Lorenzo Arredondo. He was accused of seven counts of misconduct involving the exchange of cash for favorable resolution of traffic charges. Each of the alleged incidents occurred during 1979 and 1980 while the Respondent, Judge Arredondo was serving as judge of the Lake County Court. Respondent assumed the Lake Circuit Court bench on January 1, 1981. He was elected to a second six-year term as Circuit Court Judge beginning January 1, 1987.

Arredondo has filed a motion to dismiss these proceedings. He contends, among other things, that the charges are barred by Ind.Code § 33–2.1–6–4. That statute provides:

> On recommendations of the Commission on Judicial Qualifications the Supreme Court may (1) retire such judge for disability that seriously interferes with the performance of his duties and is or is likely to become permanent, and (2) censure or remove such judge, for action occurring not more than six (6) years prior to the commencement of his current term, when such action constitutes willful misconduct in office, willful or persistent failure to perform his duties, habitual intemperance, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

Judge Arredondo correctly notes that all of the alleged acts of misconduct occurred more than six years prior to the commencement of his current term.

Ind.Code § 33–2.1–6–1 states the purpose of that chapter is to provide that "judges of superior, probate, juvenile or criminal courts in certain counties ... be subject to disciplinary action for the grounds and in the manner set forth in this chapter."

Nevertheless, there is no question that this Court has authority to discipline circuit court judges arising from art. 7, § 4, of the Indiana Constitution. *See In re Evrard* (1974), 263 Ind. 423, 317 N.E.2d 841; *In re Terry* (1975), 262 Ind. 667, 323 N.E.2d 192.

Despite the fact that Ind.Code § 33–2.1–6–4 does not explicitly apply to circuit court judges, Respondent concludes that its six year statute of limitations bars the Commission on Judicial Qualifications from proceeding against him.

Clearly, the statute of limitations provision of Ind.Code § 33–2.1–6–4 tracks the language of art. 7, § 11, of the Indiana Constitution, which provides:

> On recommendation of the commission on judicial qualifications the Supreme Court may (1) retire such [Supreme Court] justice or [Court of Appeals] judge for disability that seriously interferes with the performance of his duties and is or is likely to become permanent, and (2) censure or remove such justice or judge, for action occurring not more than six years prior to the commencement of his current term, when such action constitutes willful misconduct in office, willful and persistent failure to perform his duties, habitual intemperance, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

 The Commission argues that Ind. Code § 33–2.1–6–4 is an unconstitutional infringement on the Supreme Court's authority to discipline judges arising from art. 7, § 4, of the Indiana Constitution. We find this contention unavailing in light of Admission and Discipline Rule 25, which provides:

> The Indiana Commission on Judicial Qualifications shall receive and investigate complaints against all justices and judges of this State, regardless of origin of such judicial position and this Commission shall, in accordance with the statutory procedure established by the General Assembly of Indiana and rules duly adopted by the Commission, forward to the Supreme Court of the State of Indiana any recommendation for the dis-

cipline, removal or retirement of any justice or judge of this State.

By approving the underlined language, this Court adopted the statute of limitations in Ind.Code § 33–2.1–6–4.

 Application of the six-year statute of limitations to charges against circuit judges is consistent with the decisions made by the people through the Constitution and by the legislature through enactment of I.C. 33–2.1–6–4.

Inasmuch as the misdeeds allegedly committed by Judge Arredondo occurred more than six years before the commencement of his present term, we grant his motion to dismiss these proceedings brought by the Commission on Judicial Qualifications.